■ V. J. GAUTIERI, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46188.) — Judgment unanimously modified, on the law and facts, by reducing the award to $79,219.82 and, as modified, affirmed, without costs. Memorandum: It was error to award damages under the ninth cause of action by which claimant sought recovery for the State's failure to compel the first phase contractor to complete the swimming pool and make the area available to claimant by September 1, 1962. The completion date in the first phase con-

tract, of which claimant was aware, was November 30, 1962. Although the progress schedule prepared by the contractor indicated an earlier completion date for the pool, there was no express representation to claimant by the State that the pool area would be available at the earlier date. In addition since the first phase contractor did in fact complete all the work under his contract within the time set forth in the agreement, it is questionable whether the State could have taken any steps with regard to the first phase contractor which would have been effective in making the pool area available to claimant on September 1, 1962 (*Norelli & Oliver Constr. Co.* v. *State of New York,* 30 A D 2d 992). Furthermore, the contract between claimant and the State contained a provision exempting the latter from liability for its action with regard to the method and times of conducting the work or use of the work area. The failure by the State to compel early completion of the pool by the first phase contractor seems to be precisely the type of delay contemplated by the parties by this contractual provision, which bars the claim for damages where the delay was not brought about by the active interference of the State (*Thomason & Perry* v. *State of New York,* 38 A D 2d 609, 610, affd. 30 N Y 2d 836). (Appeal from judgment of Court of Claims in claim for damages for breach of contract.) Present — Goldman, P. J., Del Vecchio, Marsh and Moule, JJ.